**MORGAN, LEWIS & BOCKIUS LLP**
Susan Baker Manning, CA Bar No. 197350
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:   +1.202.739.3000
Fax:  +1.202.739.3001
susan.manning@morganlewis.com

Lisa R. Weddle, CA Bar No. 259050
Kent W. Kraushaar, CA Bar No. 307536
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501
lisa.weddle@morganlewis.com
kent.kraushaar@morganlewis.com

Attorneys for Plaintiffs
A.F.P and J.F.C.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.F.P. and J.F.C., | Case No. 21-548 |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

PLAINTIFFS' MOTION TO PROCEED
UNDER PSEUDONYMS AND FOR
PROTECTIVE ORDER

## INTRODUCTION

Plaintiffs A.F.P. and J.F.C. respectfully move for an order allowing them to proceed under pseudonyms in this matter and for entry of a protective order protecting their identity. Plaintiffs are a father and son who entered this country in January 2018 seeking asylum, but who were separated at the border pursuant to the United States government's policy of forcibly taking refugee children from their parents. Pursuant to this policy, Plaintiff A.F.P. and his son J.F.C. were forcibly separated for fifteen months, during which time both A.F.P. and J.F.C. were physically and psychologically abused by government employees. As set forth in the Complaint (ECF No. 1), which Plaintiffs incorporate by reference, the trauma Plaintiffs and other refugee families suffered was not an incidental byproduct of the government's policy. It was the very point. The United States government *sought* to inflict extreme emotional distress and other harms in order to deter parents and children from seeking asylum in this country. Through this action, Plaintiffs seek damages under the Federal Tort Claim Act (FTCA) for the harms inflicted upon them by government officials.

Given the serious and sensitive nature of the abuse experienced by both A.F.P. and J.F.C., and the risk of harassment, retaliation, and—should they be denied asylum—further persecution in their home country, Plaintiffs respectfully request leave to proceed pseudonymously. Plaintiffs will disclose their identities to government counsel who appear in this case. However, public disclosure of their identity is neither necessary nor warranted. Plaintiffs should not be required to disclose the details of their abuse at the hands of the United States government, or expose themselves to retaliation, public vitriol, or further harm in order to vindicate their legal rights.

## ARGUMENT

The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court. *See, e.g.*, *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 n.1 (2000) (noting that the district court had permitted the plaintiffs "to litigate anonymously to protect them from intimidation or harassment").

> [A] party may proceed pseudonymously if it "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th

Cir. 1981) . . . The fundamental question a court seeks to answer is whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." [*Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) at 1068.] When a party asserts a fear of retaliation, a court must assess a party's need for anonymity by evaluating: (1) the severity of the threatened harm, (2) the reasonableness of the party's fears, and (3) the party's vulnerability to retaliation. *Id.* In addition to these considerations, a court must always consider the precise prejudice to the opposing party of permitting a party to proceed pseudonymously at the particular stage of the proceedings, and whether the public interest is best served by requiring the litigants seeking anonymity to reveal their true identities or permitting non-disclosure. *Id.*

*Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *2 (S.D. Cal., Dec. 20, 2017). Consistent with *Does I thru XXIII* and other Ninth Circuit precedent, courts regularly permit parties to proceed pseudonymously in appropriate circumstances. *See, e.g.*, *id.* (permitting asylum-seeking plaintiffs to proceed using pseudonyms); *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-cv-02108-RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012) (same); *Doe K.G. v. Pasadena Hospital Association, Ltd.*, No. 218-CV-08710-ODW-MAAX, 2019 WL 1612828, at *1 (C.D. Cal., Apr. 15, 2019) (permitting plaintiff to proceed under a pseudonym "[g]iven the serious and sensitive nature of the allegations").

This case falls squarely within the type of cases where courts have recognized the primacy of a party's privacy interests.

### 1. The Litigation Concerns Information of a Sensitive and Highly Personal Nature.

The forcible separation of Plaintiffs by Defendant's employees was profoundly traumatic for Plaintiffs. That intentional infliction of emotional distress is the precise basis of Plaintiff's first claim for relief. Compl. at ¶¶ 83–87. Airing the details of that government-caused trauma for the world to see should not be the price of seeking redress for the wrongs done to Plaintiffs.

Moreover, J.F.C. was a minor at the time of the events described in the Complaint. Compl. ¶ 17. Over the course of approximately fifteen months, J.F.C. was denied contact with his father, subjected to repeated bullying by government employees, and neglected to the point that he suffered severe and irreparable damage to his ear. *Id.* at ¶¶ 60–74. Courts regularly protect the identities of

child victims of abuse, and this Court should do so here as well. *See, e.g., Doe v. Penzato*, C10-5154MEJ, 2011 WL 1833007, *3 (N.D. Cal. May 13, 2011); *Al Otro Lado, Inc.*, 2017 WL 6541446, at *4.

### 2. **Disclosure Poses a Risk of Retribution and Further Harm to Plaintiffs.**

As the government recognizes, publicly revealing the true names of asylum-seekers could put them at risk of serious retaliatory harm should they be denied asylum and removed to their native country. As set out in the Complaint, after refusing to participate in a corrupt election proceeding in Honduras, A.F.P. was beaten, tortured, and sexually abused on multiple occasions by mob that included police officers and military personnel. Compl. at ¶¶ 20–22. In addition to these assaults, A.F.P.'s life, and the lives of his family members, including J.F.C., were threatened by the mob. *Id.* at ¶ 22. A.F.P.'s assailants also specifically threatened to force J.F.C. into a gang because of A.F.P.'s refusal to participate in corruption. *Id.*

Plaintiffs fled to the United States in order to seek asylum from this government-sponsored persecution in Honduras. *Id.* at ¶ 23. In May 2018, however, the United States government deported A.F.P., while continuing to detain J.F.C., in violation of the Immigration and Nationalization Act, *see, e.g.*, 8 U.S.C. § 1158, and a federal court order in *Ms. L. v. U.S. Immigration and Customs Enforcement*, Case No. 18-cv-428 (S.D. Cal.), requiring the family's reunification. *Id.* ¶ 56. When A.F.P. arrived back in Honduras, he found out the police were still looking for him and his family. *Id.* ¶ 57. With the help of a nonprofit organization, A.F.P. was able to return to the United States under the federal district court's order in the *Ms. L.* litigation. *Id.* Plaintiffs' application for asylum is currently pending.

The federal government protects the confidentiality of asylum-seekers by regulation. *See* 8 C.F.R. § 208.6; *cf.* Fed. R. Civ. P. 5.2(c) (limiting remote access to case files in cases involving "immigration benefits or detention"). According to U.S. Citizenship and Immigration Services:

> Public disclosure of asylum-related information may subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin. Moreover, public disclosure might, albeit in some limited circumstances, give rise to a plausible protection claim where one would not otherwise exist by bringing an

> otherwise ineligible claimant to the attention of the government authority or non-state actor against which the claimant has made allegations of mistreatment.

USCIS Asylum Division, *Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants* at 2 (Oct. 18, 2012), *available at* https://www.uscis.gov/sites/default/files/document/fact-sheets/Updated_Fact_Sheet_on_Confidentiality_10_18_12.pdf. Disclosure of Plaintiffs' identities, the facts concerning their persecution, and the details of their detention experience all put Plaintiffs' at risk of persecution should they be forced to return to Honduras, and put their family members who remain there at risk as well.

In addition, Plaintiffs' reasonably fear harassment in the United States. The United States government's policy of separating families at the border has been the focus of significant public interest, press attention, and controversy. Plaintiffs fear that seeking redress for the harm done to them under the policy could prejudice their efforts to obtain asylum, or subject them to harassment from those who support the government's policies.

For these reasons as well, the risk of harm to Plaintiffs stemming from the public disclosure of their identities weighs heavily in favor of permitting them to proceed pseudonymously. *See, e.g., Al Otro Lado, Inc.*, 2017 WL 6541446, at *6; *A.B.T.*, 2012 WL 2995064, at *6.

### 3. **There Is No Risk of Prejudice to Defendant.**

The crux of this lawsuit is Defendant's liability for the harm Plaintiffs suffered as a direct result of the family separation policy. Plaintiffs anticipate that much of the relevant evidence will concern the government's conduct and reasoning in formulating and implementing the policy. As other courts have found, where the plaintiff's identity is not itself a material fact in the lawsuit, allowing a plaintiff to proceed anonymously causes no prejudice. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (citing *Doe v. Del Rio*, 241 F.R.D. 2d 154, 157 (S.D.N.Y. 2006)) ("[B]ecause of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities."); *Doe v. Barrow Cty., Ga.*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (granting a motion to proceed under a pseudonym where the "plaintiff plays a relatively minor role").

Moreover, Plaintiffs previously identified themselves to the relevant U.S. government agencies in their January 24, 2020 Notification of Incident and Claim for Damages Under the Federal Tort Claims Act, *see* Compl. at ¶ 12, and when Defendant's counsel appears in this case, Plaintiffs will promptly provide counsel with their true identities. For this additional reason, allowing Plaintiffs to proceed under pseudonyms will not unfairly prejudice Defendant. *See Al Otro Lado, Inc.*, 2017 WL 6541446, at *6 ("find[ing] no prejudice . . . because Defendants know the true identities of the Individual Plaintiffs").

### 4. Allowing Plaintiffs to Proceed Under Pseudonyms Is in the Public Interest.

Where the defendant is either a government entity or official, courts routinely count the public interest factor as weighing in favor of leave to proceed under a pseudonym. *See, e.g.*, *E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a plaintiff attacks governmental activity . . . the plaintiff's interest in proceeding anonymously is considered particularly strong."). This is because the plaintiff "presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights," while "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* The ramifications of forcing Plaintiffs to reveal their identities publicly in order to pursue their claims arising from government misconduct would be sweeping and would limit access to the courts for any citizen with a legitimate fear of mistreatment treatment or retaliation by the government.

Further, courts have found that "[l]awsuits that enforce constitutional and statutory rights benefit the public" and that "the public has an interest in such cases being decided on the merits." *Al Otro Lado, Inc.*, 2017 WL 6541446, at *7 (citing *Does I Thru XXIII*, 214 F.3d at 1073 and *A.B.T.*, 2012 WL 2995064, at *6). Because an order requiring Plaintiffs to reveal their true names could have a chilling effect not only on Plaintiffs' claims, but also the claims of other similarly situated asylum-seekers, the public interest weighs in favor of allowing Plaintiffs to proceed using a pseudonym. *Al Otro Lado, Inc.*, 2017 WL 6541446, at *7.

## CONCLUSION

To require Plaintiffs to disclose their identities publicly risks further traumatizing Plaintiffs and puts them at risk of harassment and further persecution. Conversely, by pursuing this case under a pseudonym, A.F.P. and J.F.C. will be able to vindicate their rights without precluding Defendant from being able to litigate this case or detracting from the public's ability to appreciate the issues at stake. Plaintiffs therefore respectfully request that this Court grant the Motion and enter Plaintiffs' proposed form of protective order.

Dated: May 14, 2021                               Respectfully Submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By:   */s/ Kent W. Kraushaar*
      Susan Baker Manning
      Lisa R. Weddle
      Kent W. Kraushaar
      *Attorneys for Plaintiffs A.F.P and J.F.C.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

PLAINTIFFS' MOTION TO PROCEED
UNDER PSEUDONYMS AND FOR
PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, I electronically filed the foregoing document and accompanying proposed order with the Clerk of the Court using the CM/ECF system. I further certify that I have mailed Defendant United States of America a copy of this document and the accompanying proposed order via certified, first class mail.

Dated: May 14, 2021

*/s/ Kent W. Kraushaar*
Kent W. Kraushaar
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501
kent.kraushaar@morganlewis.com