PHILLIP A. TALBERT
United States Attorney
DAVID T. SHELLEDY
Civil Division Chief
VICTORIA L. BOESCH
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.F.P. and J.F.C.,<br><br>           Plaintiffs,<br><br>     v.<br><br>United States of America,<br><br>           Defendant. | CASE NO. 1:21-cv-00780-DAD-EPG<br><br>REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER<br><br>Hearing Taken Off Calendar |

## TABLE OF CONTENTS

ARGUMENT:  THE COURT SHOULD TRANSFER THIS ACTION
TO THE SOUTHERN DISTRICT OF TEXAS. ...................................................................................1

    A.    Plaintiffs' Choice of Forum Is Not Entitled to Substantial Deference. ...............................1

        1.    Plaintiffs' Choice Warrants "Little Deference" Because the Complaint Lacks Material Connection to the Chosen Forum. ....................................................1

        2.    Plaintiffs' Allegations About Conduct Outside Texas and Harms Suffered in California Do Not Weigh Against Transfer. ........................................3

        3.    Disparity of Resources Is Not a Dispositive Factor. ................................................4

        4.    The Convenience of Parties and Witnesses Favors Transfer With or Without the Names of Additional Trial Witnesses. .................................................4

    B.    The Balance of Section 1404(a) Factors Favors Transfer. .................................................8

        1.    Private Factors Favor Transfer............................................................................8

        2.    The Public Interest Favors Transfer..........................................................................9

CONCLUSION..............................................................................................................................10

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER

i

## TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Adidas Am., Inc. v. Cougar Sport, Inc.*,
 169 F. Supp. 3d 1079 (D. Or. 2016) ................................................................................... 3

*Amazon.com v. Cendant Corp.*,
 404 F. Supp. 2d 1256 (W.D. Wash. 2005) ......................................................................... 1

*AV Media, Pte, Ltd. v. OmniMount Sys., Inc.*,
 No. C 06-3805 JSW, 2006 WL 2850054 (N.D. Cal. Oct. 5, 2006) .................................... 2

*Barroca v. United States*,
 No. 19-cv-00699-MMC, 2019 WL 5722383 (N.D. Cal. Nov. 5, 2019) ........................ 1, 8

*Berman v. Informix Corp.*,
 30 F. Supp. 2d 653 (S.D.N.Y. 1998) .............................................................................. 2, 3

*Chess v. Romine*,
 No. 18-CV-05098-JSC, 2018 WL 5794526 (N.D. Cal. Nov. 2, 2018) .............................. 6

*Clip Ventures LLC v. Suncast Corp.*, No. C,
 10-04849 CRB, 2011 WL 839402 (N.D. Cal. Mar. 7, 2011) ......................................... 6, 7

*E. & J. Gallo Winery v. F. & P. S.p.A.*,
 899 F. Supp. 465 (E.D. Cal. 1994) ..................................................................................... 6

*Fabus Corp. v. Asiana Exp. Corp.*,
 No. C-00-3172 PJH, 2001 WL 253185 (N.D. Cal. Mar. 5, 2001) ..................................... 1

*Hansen v. Combined Transp., Inc.*,
 No. 13-cv-1298, 2013 WL 5969863 (W.D. Wash. Nov. 7, 2013) ................................. 1, 8

*Harrist v. United States*,
 No. 2:13-CV-009-JRG, 2013 WL 11331168 (E.D. Tex. Dec. 5, 2013) ......................... 6, 7

*Herbert v. VWR Int'l, LLC*,
 686 F. App'x 520 (9th Cir. 2017) ....................................................................................... 5

*Hoefer v. U.S. Dep't of Com.*,
 No. C-00-0918 VRW, 2000 WL 890862 (N.D. Cal. June 28, 2000) ................................ 4

*Jones v. GNC Franchising, Inc.*,
 211 F.3d 495 (9th Cir. 2000) .......................................................................................... 4, 8

*Koval v. United States*,
   No. 2:13-CV-1630-HRH, 2013 WL 6385595 (D. Ariz. Dec. 6, 2013) .................................. 3

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) ............................................................................................... 2

*Microsoft Corp. v. Mai*,
   No. C09-474RAJ, 2009 WL 10678620 (W.D. Wash. Nov. 2, 2009) ..................................... 3

*Morris v. Safeco Ins. Co.*,
   No. C 07-2890 PJH, 2008 WL 5273719 (N.D. Cal. Dec. 19, 2008) .................................... 4

*Nordquist v. Blackham*,
   No. C06-5433 FDB, 2006 WL 2597931 (W.D. Wash. Sept. 11, 2006) ................................. 1

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ............................................................................................................ 5

*R.T.B. by & through Breault v. United States*,
   No. 19-CV-276-JDP, 2019 WL 6492826 (W.D. Wis. Dec. 3, 2019) ................................ 6, 7

*Ruiz v. Darigold, Inc.*,
   No. 14-CV-02054-WHO, 2014 WL 4063002 (N.D. Cal. Aug. 14, 2014) ............................. 9

*Singh v. Roadrunner Intermodal Servs., LLC*,
   No. 15-CV-01701-JSW, 2015 WL 5728415 (N.D. Cal. Sept. 30, 2015) .............................. 6

*Smith v. Corizon Health, Inc.*,
   No. 16-cv-00517-WHA, 2016 WL 1275514 (N.D. Cal. Apr. 1, 2016) .................................. 1

*Williams v. Bowman*,
   157 F. Supp. 2d 1103 (N.D. Cal. 2001) ............................................................................... 4

**ARGUMENT: THE COURT SHOULD TRANSFER THIS ACTION
TO THE SOUTHERN DISTRICT OF TEXAS.**

Plaintiffs concede that they "could have brought this action in Texas" (Plf. Mem. Opp. at 5:15) and, thus, that transfer is permissible. The only that factor they argue weighs against transfer is that, as residents of this district, they are entitled to "significant deference" in their selection of a forum and their choice "weighs heavily against transfer." Plf. Mem. Opp. (ECF No. 40) at 5:6-12. That argument lacks merit. The specific facts pled in the Complaint demonstrate that the Southern District of Texas is a more appropriate venue for this litigation.

### A. Plaintiffs' Choice of Forum Is Not Entitled to Substantial Deference.

#### 1. Plaintiffs' Choice Warrants "Little Deference" Because the Complaint Lacks Material Connection to the Chosen Forum.

Plaintiffs try to distinguish a few cases, but they cannot deny the principle that "[a] plaintiff's choice of forum is given much less weight when the forum lacks any significant contact with the activities alleged in the complaint." *Nordquist v. Blackham*, No. C06-5433 FDB, 2006 WL 2597931 (W.D. Wash. Sept. 11, 2006) at *4. Courts routinely transfer cases away from the plaintiff's chosen forum when this is so. *See, e.g., Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) ("Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum."); *Hansen v. Combined Transp., Inc.*, No. 13-cv-1298, 2013 WL 5969863 (W.D. Wash. Nov. 7, 2013), at *2 ("the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice lacks a significant connection to the activities alleged in the complaint"); *Fabus Corp. v. Asiana Exp. Corp.*, No. C-00-3172 PJH, 2001 WL 253185, *1 (N.D. Cal. Mar. 5, 2001) (same).

Thus, a plaintiff's choice is "entitled to 'little deference'" where most allegations of tortious conduct in the complaint occurred far from the plaintiff's chosen forum. *Barroca v. United States*, No. 19-cv-00699-MMC, 2019 WL 5722383, *2-3 (N.D. Cal. Nov. 5, 2019) (transferring FTCA action out of plaintiff's chosen forum where "none of the negligent conduct is alleged to have occurred in the Northern District" and "the majority of plaintiff's allegations concern events occurring in [Kansas]"). *See also Smith v. Corizon Health, Inc.*, No. 16-cv-00517-WHA, 2016 WL 1275514, at *2 (N.D. Cal. Apr. 1, 2016) (transferring case to Eastern District of California where "[a]ll of the events giving rise to

plaintiff's claims occurred in Fresno" and "[t]he thrust of plaintiff's case" concerned his treatment at mental health facilities in Fresno); *AV Media, Pte, Ltd. v. OmniMount Sys., Inc.*, No. C 06-3805 JSW, 2006 WL 2850054, *3 (N.D. Cal. Oct. 5, 2006) (granting motion to transfer where "the facts giving rise to the underlying causes of action have no material connection to this forum").

The Ninth Circuit's decision in *Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987), underscores that "minimal" deference should be given to plaintiffs' choice to sue in this district. The Ninth Circuit upheld a district court order transferring the case from California to New York, concluding that "[i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [parties'] contacts with the forum, including those relating to [plaintiff's] cause of action." Further, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." 834 F.2d at 739.

As in *Lou* and the other cases cited above, the Southern District of Texas is a more appropriate venue because all operative facts occurred outside this district, including the key allegedly tortious conduct discussed in the Complaint: the separation of parent and child. Forty-six paragraphs of the Complaint allege conduct or injury in the Southern District of Texas. Complaint ¶¶ 1, 3-5, 24-27, 34-52, 59-61, 75, 79-81, 82-85, 87-90, 92-95. The only reference to this district is that plaintiffs reside here. *Id.* ¶ 18. Even Plaintiffs' memorandum opposing transfer does not claim otherwise. Instead, it concedes that all allegedly tortious conduct occurred in Texas, New York, or the District of Columbia. *See* Plf. Mem. Opp. at 5:15-19. Because the alleged activities, and plaintiffs' causes of action, have no connection to this district, their choice to sue here warrants little deference.

Plaintiffs cite *Berman v. Informix Corp.*, 30 F. Supp. 2d 653 (S.D.N.Y. 1998), as support for their claim that a plaintiff's choice of forum is afforded even more deference when the plaintiff resides there. Plf. Mem. Opp. at 5:13-14. But in fact, *Berman* holds that a plaintiff's choice and residence are not enough if there is no connection between the chosen forum and the operative facts. After all, *Berman* transferred the case away from the plaintiff's chosen forum, where he resided. The court explained that "the emphasis placed by a court on [plaintiff's chosen forum] diminishes where the operative facts upon which the litigation is brought bear little material connection to the chosen forum."

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER

2

*Id.* at 658-59.  And the plaintiff's choice was "far outweighed" by other transfer factors, including that the events giving rise to liability were alleged to have occurred elsewhere.  *Id.* at 658-59.  Thus, as *Berman* correctly observed, "Courts routinely transfer cases when the principal events occurred and the principal witnesses are located in another district." *Id.*[1]

That plaintiffs here currently reside in this district is even less significant than in *Berman*.  According to their opposition, plaintiffs have only resided in this district since August 2020.  Plf. Mem. Opp. at 3:9-10.  All alleged tortious conduct ended no later than March 2019, when plaintiffs were reunited—more than a year before they moved to this district.  This is the same circumstance that led the court to order transfer of a case to this district in *Koval v. United States*, No. 2:13-CV-1630-HRH, 2013 WL 6385595 (D. Ariz. Dec. 6, 2013), explaining that "[n]one of the acts complained of in plaintiff's complaint took place in Arizona and plaintiff did not live in Arizona when those acts occurred." *Id.* at *3 (emphasis added).

Given the undisputable fact that all operative facts alleged in the Complaint occurred outside this district, plaintiffs' choice to sue here is entitled to little deference.

### 2. **Plaintiffs' Allegations About Conduct Outside Texas and Harms Suffered in California Do Not Weigh Against Transfer.**

Plaintiffs assert that they could have brought this case in New York (where the government allegedly forced JFC to live apart from his family) or in Washington, D.C. (where the government created the Zero Tolerance Policy).  Plf. Mem. Opp. at 5:17-19, 10:10-15.  This assertion is of no consequence, because plaintiffs have not requested that this case be transferred to Washington or New York.  In addition, the argument overlooks the dispositive fact that no alleged tortious conduct occurred in this district.  Although a far smaller number of allegations concern acts and omissions in other districts, the Southern District of Texas is where plaintiffs illegally entered the United States, where they

---

[1] The other cases cited by plaintiffs are inapposite because the operative facts had a connection with the plaintiffs' chosen forum.  In *Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079 (D. Or. 2016), the defendant sold allegedly infringing merchandise to customers who lived in the chosen forum, and those customers were confused by the similar trademark that the plaintiff used in the chosen forum. *Id*. at 1092, 1093, 1095.  Likewise, in *Microsoft Corp. v. Mai*, No. C09-474RAJ, 2009 WL 10678620, at *4 (W.D. Wash. Nov. 2, 2009), the defendant used computers in the chosen forum to execute the relevant agreements and sold a substantial amount of the plaintiff's products to residents of that forum. *Id.*

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER

3

were initially detained and separated, where AFP was criminally prosecuted, and where most of his post-conviction administrative detention took place. Complaint ¶¶ 24-52. "Litigation should proceed where the case finds its 'center of gravity.'" *Hoefer v. U.S. Dep't of Com.*, No. C 00 0918 VRW, 2000 WL 890862, *3 (N.D. Cal. June 28, 2000) (transferring case under section 1404(a)). Plaintiffs cannot deny that in this case, that center of gravity is the Southern District of Texas.

Plaintiffs' next assertion—that they suffered trauma in California from earlier events elsewhere—is unpersuasive. This assertion is only relevant, if at all, to damages; and damages are less important than liability in a Section 1404(a) transfer analysis in tort cases. *See Morris v. Safeco Ins. Co.*, No. C 07-2890 PJH, 2008 WL 5273719 (N.D. Cal. Dec. 19, 2008) (explaining the greater importance of "material testimony tending to establish a basis to impose civil liability" than testimony on "the severity of [plaintiff's] emotional distress (*i.e.*, plaintiff's damages)" in Section 1404(a) transfer analysis); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108-09 (N.D. Cal. 2001) (damages witnesses in the transferring district are "not as important to the litigation" as witnesses "relevant to the underlying question of liability" in the transferee district).

3. **Disparity of Resources Is Not a Dispositive Factor.**

Relying on district court cases from other circuits, plaintiffs argue that their relative lack of resources entitles them to further deference for their choice of forum. The Ninth Circuit test announced in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), does not consider the parties' relative means.

Plaintiffs' relative lack of resources is, at most, a factor to be balanced against others. The balance overall weighs in favor of transfer.

4. **The Convenience of Parties and Witnesses Favors Transfer With or Without the Names of Additional Trial Witnesses.**

Plaintiffs argue that the government has not shown that the convenience of witnesses favors transfer, because the government "specifically identifies only two individuals with relatively limited interactions with Plaintiffs as potential Texas-based witnesses who may be inconvenienced by this case remaining in California." Plf. Mem. Opp. at 7:25-28. When plaintiffs say their interactions with these witnesses were "limited," they can only mean limited in duration; for both witnesses participated in

1  charging AFP with illegal entry and thus have personal knowledge of the reasons for prosecution.  This
2  is critical rebuttal testimony for plaintiffs' abuse-of-process claim, an essential element of which is
3  improper purpose.  *See* Gov't Opening Mem. (ECF No. 15-1) at 11-12; Juan de la Cruz Decl. ¶¶ 3-4;
4  Mickel Gonzalez Decl. ¶¶  3-4.

5  In addition, the government has presented a declaration explaining that at least 18 potential
6  witnesses who were involved in plaintiffs' apprehension, initial custody, criminal prosecution, and
7  removal currently have duty stations in the Southern District of Texas.  *See* Brian S. Hastings Decl. ¶ 17.
8  Those witnesses are needed to rebut allegations that plaintiffs were subjected to inhumane conditions
9  during their initial detention (Complaint ¶¶ 38-40, 59-61) as well as the abuse-of-process claim.
10 Plaintiffs offer no reason to require any more specific identification or explanation of relevance than
11 this.

12 And finally, the government has shown that still more witnesses may be needed to rebut
13 plaintiffs' allegations that AFP was subjected to "inhumane conditions" at the Rio Grande Detention
14 Center in Laredo, and that while held there, he was forced to waive his asylum claim by "emotional
15 abuse and manipulation" from detention officers and by trickery of a notary public who pretended to be
16 a lawyer.  Complaint ¶¶ 41-52.  The motion for transfer is supported by a declaration establishing that
17 the Laredo facility is operated by a contractor, and thus the guards and other personnel there who may
18 have witnessed the events are primarily the contractor's employees—not government employees who
19 could be directed to attend a trial here.  *See* Brewster Decl. ¶¶  2, 11.  Those witnesses are beyond the
20 subpoena power of this Court and thus could not be compelled to testify in a trial in Fresno.

21 Plaintiffs try to discount all this by arguing that potential witnesses must be specifically
22 identified or ignored when assessing convenience of parties and witnesses.  But "[t]he Supreme Court
23 and Ninth Circuit have rejected the notion that evidence in the alternative forum must be identified with
24 a high degree of specificity."  *Herbert v. VWR Int'l, LLC*, 686 F. App'x 520, 521-22 (9th Cir. 2017)
25 (affirming grant of *forum non conveniens* motion where "[t]he record contained sufficient information to
26 balance the parties' interests and the district court did not abuse its discretion by drawing illogical or
27 implausible conclusions from the record regarding the *probable presence* of witnesses and evidence" in
28 the alternate forum) (emphasis added); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)

REPLY MEMORANDUM IN SUPPORT OF               5
MOTION TO TRANSFER

1  (rejecting necessity of affidavits identifying the witnesses and testimony for trial if trial were held in
2  alternative forum).

3    Thus, the materials filed in support of the government's motion identified potential witnesses—
4  both named and unnamed—and provide "a generalized statement of their anticipated testimony" and its
5  relevance to plaintiffs' claims. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal.
6  1994). This is all that is required. *See Singh v. Roadrunner Intermodal Servs., LLC*, No. 15-CV-01701-
7  JSW, 2015 WL 5728415, at *3 (N.D. Cal. Sept. 30, 2015) (transferring case to Eastern District of
8  California where the moving defendants had only made general assertions of likely witnesses and did
9  not specify whether they were party or non-party witnesses, because the plaintiffs did not refute this
10 "nor have they identified any potential non-party witnesses located in this District"); *Chess v. Romine*,
11 No. 18-CV-05098-JSC, 2018 WL 5794526, *6 (N.D. Cal. Nov. 2, 2018) (weighing convenience of
12 witnesses in favor of transfer where defendants did not identify specific witnesses and finding it
13 significant that the plaintiffs did not identify any non-party witnesses in their chosen district).

14    Plaintiffs argue that non-party witnesses needed to rebut their claims of misconduct in the Laredo
15 detention center must be disregarded because the government has not named them. But as explained in
16 our opening brief, the government cannot name those witnesses before discovery opens, because
17 plaintiffs' Complaint does not name or specifically identify the people they accuse of misconduct.
18 Especially where non-party witnesses are concerned, the vagueness of plaintiffs' pleading cannot justify
19 denying transfer in circumstances that may preclude the government from presenting critical rebuttal
20 testimony at trial.

21    More generally, courts have eschewed the necessity of specifically identifying witnesses in tort
22 cases and instead have looked to the *foreseeability* of witnesses in the transferee venue. *See, e.g., Clip*
23 *Ventures LLC v. Suncast Corp.*, No. C 10-04849 CRB, 2011 WL 839402 (N.D. Cal. Mar. 7, 2011)
24 (granting Section 1404(a) transfer); *R.T.B. by & through Breault v. United States*, No. 19-CV-276-JDP,
25 2019 WL 6492826 (W.D. Wis. Dec. 3, 2019) ("*Breault*") (same); *Harrist v. United States*, No. 2:13-CV-
26 009-JRG, 2013 WL 11331168 (E.D. Tex. Dec. 5, 2013) (same). In *Clip Ventures*, the plaintiff brought a
27 qui tam action in its district of residence against a company whose products were manufactured,
28 packaged, labeled, and shipped from Illinois. The court concluded that the convenience of the parties

and witnesses was the "most significant factor[] in this case" and favored transfer notwithstanding the absence of a record of specifically identified defense witnesses. 2011 WL 839402, at *3. The court explained that "*all foreseeable witnesses* are located in the Northern District of Illinois," where "[t]he center of gravity of the case is," and that the plaintiff did not identify any non-party witnesses in its home district. *Id*. at *3 (emphasis in original). Similarly, the court in *Breault* transferred the case over the plaintiffs' objection that the government failed to specify which healthcare providers and medical staff would be called as witnesses or establish the materiality of their testimony: "[I]n a negligence case like this, the existence of such witnesses and the materiality of their testimony is not at all speculative. This case concerns a medical event that occurred in California, which involved and was witnessed by numerous medical professionals in California." 2019 WL 6492826, at *2. And in *Harrist*, the court transferred the action to the Southern District of Mississippi, the "focus" of the plaintiff's negligent medical treatment claims. 2013 WL 11331168, at *3. The court explained that potential witnesses "*can reasonably be expected* to reside outside the Eastern District of Texas and beyond the reach of this Court's subpoena power" in another district that "will clearly be the more convenient and less costly venue for willing []witnesses." *Id*. (emphasis added).

So too here, it is not at all speculative but must reasonably be expected that most witnesses will be in Texas, beyond this Court's subpoena power, since that is where family separation occurred as well as the great bulk of alleged wrongdoing. Indeed, plaintiffs expressly concede that "multiple Texas-based witnesses will likely be called to testify in this case. That much is clear." Plf. Mem. Opp. at 8:19-20. Given that concession, naming every critical rebuttal witness would serve no purpose.

Plaintiffs assert that witnesses in New York or Washington may also be required. Plf. Mem. Opp. at 8:23-9:2. But plaintiffs have not asked the Court to transfer this case to either of those districts. That there may also be important witnesses elsewhere does not change the fact that the Complaint contains 46 paragraphs alleging tortious acts and omissions in the Southern District of Texas and not one in this district.

///

///

///

REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER

7

**B.      The Balance of Section 1404(a) Factors Favors Transfer.**

   **1.      Private Factors Favor Transfer.**

Factor 1: Plaintiffs assert that "*Jones* factor one" has no relevance because "the parties have no contract." Plf. Mem. Opp. at 9:23-35. This assertion ignores that the central claims in *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000), rested on a franchise agreement and other contracts. *See id.* at 496, 498. In this tort case, the analogous consideration is where the acts and omissions underlying plaintiffs' claims occurred. The Complaint declares that "this case is about" a family separation that occurred in McAllen, which is in the Southern District of Texas. Complaint ¶¶ 1, 24-25. And the family separation that occurred there is the express subject of the first three claims for relief. *Id.* ¶¶ 82-96. Accordingly, this factor favors transfer.

Factor 2: Plaintiffs argue that Texas courts' familiarity with Texas law does not support transfer, because federal courts routinely apply the law of other states. The fact remains that the Southern District of Texas routinely applies Texas tort law in FTCA and diversity cases, and this Court seldom if ever does. Familiarity with the governing law therefore weighs in favor of transfer. *Cf. Hansen v. Combined Transp., Inc.*, No. 13-cv-1298, 2013 WL 5969863, at *2 (W.D. Wash. Nov. 7, 2013) ("because plaintiff brings more claims under Oregon law than Washington law, this factor favors transfer to Oregon"); *Barroca*, 2019 WL 5722383, at *2 (second factor favored the District of Kansas because "the majority of the causes of action alleged in the complaint will be decided under Kansas law, and, consequently, the District of Kansas is likely the district 'most familiar with the governing law.'").

Factors 3, 4 and 5: These factors concern the plaintiff's choice of forum, the respective parties' contacts with the forum, and contacts relating to plaintiff's cause of action in the chosen forum. Plaintiffs argue: (1) that they are afforded substantial deference in their forum selection, (2) that "the conduct is spread across several states," (3) that they continue to suffer harm in California, and (4) that the government has not established that witnesses live in Texas. All those arguments are rebutted above. For the reasons already explained, factors 3-5 favor transfer.

Factor 6: Plaintiffs argue that the portability of documents in the digital age and the advent of video depositions minimize any increased costs that would result from keeping the case in this district. While it is possible to take a deposition by video, witnesses are more effectively evaluated, confronted,

REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER

8

and defended in person, and that is how the government will litigate its case. This is not an issue of "convenience of counsel," as plaintiffs try to make it, but of travel expenses, which would be enormous both for discovery and trial. *See* Gov't Opening Mem. at 12-13. *See also Ruiz v. Darigold, Inc.*, No. 14-CV-02054-WHO, 2014 WL 4063002, *3-4 (N.D. Cal. Aug. 14, 2014) (noting that deposed witnesses would still need to testify at trial). In addition, plaintiffs' suggestion that the U.S. Attorney's office in Texas could defend witnesses without travel expense ignores the fact that a thorough understanding of the entire case and record is necessary to defend a deposition competently, making plaintiffs' suggestion that two U.S. Attorneys' offices litigate a case in which more than a million documents may be exchanged entirely impractical. This factor also supports transfer.

Factors 7 and 8: Plaintiffs fall back on their argument that the United States has not named specific witnesses who are unavailable to testify. Their argument still misses the mark. The government has articulated in declarations that the Laredo detention facility where plaintiff AFP claims he was manipulated and tricked into waiving his asylum claim was not operated by the government, but rather by a private contractor (Declaration of Peter J. Brewster ("Brewster Decl.") ¶¶ 2, 11), whose employees can neither be directed nor subpoenaed to testify at a trial in this district. Plaintiffs' further argument that the government has not named the potential contractor witnesses ignores both that their names are not required and that the government cannot name them without discovery because the Complaint does not identify the personnel whom it accuses of misconduct. This factor also supports transfer.

2. **The Public Interest Favors Transfer.**

Plaintiffs argue that court congestion alone cannot justify transfer to another district. But the government does not seek transfer on this basis alone. And equally important, what is occurring in this district is not ordinary congestion. As the Court has recognized, it is a major "caseload crisis"[2] and "Ongoing Judicial Emergency" (Standing Order (ECF No. 4-2) at 1) that "seriously hinder[s] the administration of justice throughout this district." *Id.* at 2. Whether or not this crisis would be sufficient in and of itself, it weighs heavily in favor of transfer.

///

---

[2] Judges of E.D. Cal., *Letter to Congress Regarding Our Caseload Crisis*, available at https://www.caed.uscourts.gov/caednew/assets/File/Judgeship%20Letter%20June%202018.pdf

All plaintiffs have to say about the compelling interest of the Southern District of Texas in ensuring the integrity of its own proceedings—which is implicated by plaintiffs' claim that the district court there conducted a "charade of a court hearing" when it accepted AFP's guilty plea (Complaint ¶ 27), and denied him counsel and an interpreter when the official docket report says he had both—is that the government must "believe [that court] will be biased against Plaintiffs" and seeks to exploit this bias for strategic advantage.  Plf. Mem. Opp. at 12:3-5.  The issue is not bias.  Any court in any district should be concerned that plaintiffs would challenge the integrity of a federal court proceeding when their accusations are conclusively rebutted by readily available public records.  Nonetheless, the Southern District of Texas has an interest in the matter that this Court does not share, as it would be that court's responsibility to take corrective action if the accusations were somehow proved.  In addition, that court, not this one, is deeply familiar with its own procedures and personnel.  And this Court, lacking familiarity with the Texas court's inner workings, is poorly equipped to entertain a collateral attack in this tort suit.

## CONCLUSION

For the foregoing reasons and those set forth in our opening brief, the Court should transfer this action to the Southern District of Texas.

Dated:  March 8, 2022

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

By: _____
DAVID T. SHELLEDY
Civil Division Chief
VICTORIA L. BOESCH
Assistant U.S. Attorney